# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

|  | § |  |
| --- | --- | --- |
| MICHAEL CHRISTIAN BRANTON | § |  |
| Plaintiff, | § |  |
|  | § |  |
| vs. | § | Civil Action No. 1:11-CV-085-BL |
|  | § | ECF |
|  | § |  |
| MICHAEL J. ASTRUE, | § |  |
| Commissioner of Social Security, | § |  |
|  | § |  |
| Defendant. | § |  |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed April 6, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act (Doc. 1). On April 27, 2011, the United States district judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States magistrate judge for all further proceedings. Plaintiff filed a brief in support of his complaint on October 27, 2011 (Doc. 17), Defendant filed a brief on November 28, 2011 (Doc. 18), and Plaintiff filed his reply on December 13, 2011 (Doc. 19). This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge affirm the Commissioner's decision and dismiss the complaint with prejudice.

## I. STATEMENT OF THE CASE

On December 17, 2007, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning July 1, 2001. Tr. 34. The claim was denied initially on March 24, 2008, and upon reconsideration on May 6, 2008. Tr. 34.

Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on May 23, 2008, and this case came before hearing on May 12, 2009. Tr. 34-43. Plaintiff, represented by a an attorney, testified in his own behalf. Tr. 49-75. Susan Brooks, a vocational expert ("VE"), appeared and testified as well. Tr. 75-82. At the hearing, Plaintiff requested that his alleged onset date be amended to July 15, 2004. Tr. 34. The ALJ issued a decision unfavorable to Plaintiff on November 3, 2009. Tr. 34-43.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements on December 31, 2008, and that Plaintiff had not engaged in substantial gainful activity at any time since July 15, 2004. Tr. 36. Plaintiff has "severe" impairments, including disorder of back and obesity. Tr. 36. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, she must consider all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence. Tr. 37-38.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible. Tr. 38.

The ALJ found that Plaintiff retained the RFC to maintain employment at the following level:

> [T]he claimant retained the residual functional capacity to maintain employment
> at the following level. The claimant was able to lift and carry 20 pounds occasionally

and 10 pounds frequently and push or pull to the weights given. The claimant was able to stand and/or walk six hours out of an eight hour day and sit for six hours out of an eight hour day. The claimant was able to occasionally climb stairs and ramps, stoop, crouch, and kneel. The claimant was unable to climb of ropes, ladders, and scaffolds, balance, crawl, or perform work in proximity to hazards such as unprotected heights, hazardous moving machinery, driving an automobile, open flames, and dangerous chemicals. The claimant was able to do occasional overhead reaching. From a mental standpoint, the claimant retained the ability to apply conunonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. The claimant was able to deal with problems involving several concrete variables in or from standardized situations. The claimant was able to add, subtract, multiply, and divide all units of measure, performing the four operations with like common and decimal fractions, compute ratio, rate, and percent, drawing and interpreting bar graphs, and perform arithmetic operations involving all American monetary units. The claimant was able to read at a rate of 190-215 words per minute with a passive vocabulary of 5,000 to 6,000 words, to read adventure stories and comic books, looking up unfamiliar words in a dictionary for meaning, spelling, and pronunciation, read instructions for assembling model cars and airplanes, write compound and complex sentences, using cursive style, proper end pronunciation, and employing adjectives and verbs, and speak clearly and distinctly with appropriate pauses and emphasis, correct pronunciation, variations in word order, using present, perfect and future tenses.

Tr. 37.

Having found that Plaintiff's RFC would prevent him from returning to his past relevant work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 42. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of fast food worker, with 23,000 jobs in Texas and 385,000 jobs nationally; waiter, with 15,400 jobs in Texas and 193,000 jobs nationally; and cafeteria attendant, with 3,400 jobs in Texas and 41,200 jobs nationally. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id.*

Plaintiff submitted a Request for Review of Hearing Decision/Order on November 9, 2009.

Tr. 22. After granting a 25-day extension, the Appeals Council denied Plaintiff's request and issued its opinion on October 22, 2010, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision.   Tr. 1-3.   The ALJ's decision, therefore, became the final decision of the Commissioner.

On April 6, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g).   The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)).   Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).   The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272.   "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least

12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 42.

### III. DISCUSSION

Plaintiff raises three issues on appeal. First, he argues that the ALJ committed error when she failed to consider the Department of Veteran Affairs's ("VA") determination that Plaintiff was granted permanent and total service-connected disability prior to the expiration of his insured status. Second, he argues that the ALJ improperly determined Plaintiff's disability onset date. Third, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. The court will address each of these issues in turn.

### A.    VA Rating Decision

"[A] [d]ecision[] by any governmental . . . agency about whether [Plaintiff is] disabled . . ." is evidence that will be considered by the Commissioner in determining whether an individual is disabled. 20 CFR § 404.1512(b)(5). Although such an opinion " is evidence that is entitled to great weight," it is not " legally binding on the Commissioner" because the duty to make such determinations rests solely with the Commissioner. *See Loza v. Apfel*, 219 F.3d 378, 394-395 (5th Cir. 2000); *see also* 20 CFR § 404.1504. Consequently, the VA's actual "disability" determination is not what is significant to the ALJ; rather, it is the reasoning and medical records that support the

VA's finding.

Plaintiff contends that the ALJ afforded the VA's Rating Decision "little weight" because she erroneously believed that the record did not contain the rational used by the VA in determining Plaintiff's rating. In support of her "little weight" determination, the ALJ cited to exhibit 10F. In Exhibit 10F, the VA assigned Plaintiff a permanent entitlement to the 100% individual unemployability rating and determined his eligibility for the Dependents' Educational Assistance program. Tr. 476. Notably, the VA's determination also states that Plaintiff's "overall or combined rating is *continued* at 70%," which gives some indication that Plaintiff's individual ailments were assessed in a previous VA decision. Tr. 476 (emphasis added). After reviewing the administrative record, the court finds that exhibit 1E contains the rational the VA used to determine Plaintiff's disability rating. Tr. 157-164. The ALJ does not cite to or discuss exhibit 1E anywhere in her opinion; thus, she erred.

Having determined that the ALJ erred in failing to consider the rational for the VA's Rating Decision, the court must still determine whether this error was harmless. *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir.1988). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). "The procedural improprieties alleged by [Plaintiff] will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris*, 864 F.2d at 334.

Plaintiff avers that "the ALJ's finding . . . is not supported by substantial evidence because the ALJ did not take into account the VA's 100% rating of [his] sciatica and stenosis." Pl.'s Br. 10. The court has reviewed exhibit 1E and finds that the VA's determination was based on VA Medical

Center records dated April 16, 2004; July 14, 2004; and July 16, 2004. Tr. 158. Exhibit 2F contains all the medical records submitted by Plaintiff from the VA Medical Center from September 26, 2001 - August 31, 2007. Tr. 258-350. The ALJ definitely reviewed exhibit 2F because she cites to it 6 times in her opinion. Tr. 38, 40-41. Among the documents contained in exhibit 2F, the court was able to locate numerous reports dated July 2004, but none were found containing the April 16, 2004, date. Notwithstanding the absence of the April 2004 report, exhibit 2F is filled with 2004 reports documenting Plaintiff's sciatica[1] and stenosis[2] diagnosis. *See* Tr. 279-284, 292-297, 321-326. Additionally, both of the state agency consulting physicians considered Plaintiff's sciatica and stenosis conditions. *See Tr.* 355 (considering "chronic low back pain radiating symptoms to left leg," i.e., sciatica, and "significant narrowing of the L5-S1 disc space," i.e., stenosis; *see also* Tr. 364 (considering the same). Insofar as the VA's Rating Decision relied on medical diagnoses that were well documented in the record before the ALJ, the court finds that Plaintiff's substantial rights have not been affected. Thus, any error on the part of the ALJ was harmless.

### B.    Disability Onset Date

Plaintiff argues that ALJ failed to apply the legal standards set forth in Social Security Ruling 83-20 when she determined his disability onset date. Pl.'s Br. 11. The Commissioner argued, and Plaintiff agreed, that absent a finding of disability there is no need to infer an onset. Pl.'s Reply Br. 3. Because the Commissioner correctly determined that Plaintiff was not disabled, the court

---

[1]Sciatica is defined as the "[p]ain in the lower back and hip radiating down the back of the thigh into the leg, initially attributed to sciatic nerve dysfunction, but now known to usually be due to herniated lumbar disk compromising a nerve root, most commonly the L5 or S1 root." STEDMAN'S MEDICAL DICTIONARY 1602 (27th ed. 2000)

[2]Stenosis is defined as the "stricture of any canal or orifice . . . a narrowing." STEDMAN'S MEDICAL DICTIONARY 1695 (27th ed. 2000)

finds that SSR 83-20 was inapplicable and the ALJ did not err. *Nix v. Barnhart*, 160 F.App'x 393, 396-397 (5th Cir. 2005).

### C.   RFC Determination

Plaintiff also contends that the ALJ's RFC determination is not supported by substantial evidence. He argues that the consultive examiners, upon whose opinions the ALJ relied, did not review certain of the relevant medical documents contained in the record. He claims that those same documents conflict with the findings of the consultive examiners. "It is well settled that written medical reports by licensed physicians who have examined the claimant may constitute 'substantial evidence' in a Social Security case." *Bowman v. Heckler*, 706 F.2d 564, 567 (5th Cir. 1983) (quoting *Green v. Schweiker*, 694 F.2d 108, 111 (5th Cir.1982)). "[T]he mere existence of conflicting testimony in the record does not mandate remand [because] [c]onflicts in testimony are to be resolved by the Secretary and not the Court." *Schweiker*, 694 F.2d at 111 n.1 (citing *Laffoon v. Califano*, 558 F.2d 253, 254-55 (5th Cir.1977)). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. On this basis the court holds that the ALJ's RFC determination is supported by substantial evidence in the record.

### IV.  CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge affirm the Commissioner's decision and dismiss the Plaintiff's complaint with prejudice.

Plaintiff having refused consent to having the United States magistrate judge conduct all

further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 26th day of April, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE